UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOSHUA SNIDER,

          Plaintiff,          Case No. 1:21-cv-68

v.                                 Honorable Robert J. Jonker

DAVIT HUYGE et al.,

          Defendants.
_____/

## **OPINION**

        This is a civil rights action brought under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Davids. The Court will also dismiss, for failure to state a claim, the Plaintiff's First Amendment retaliation claims against the remaining Defendants.

**Discussion**

I.  **Factual Allegations**

Plaintiff is currently on parole. However, at the time Plaintiff filed the[1] complaint, Plaintiff was incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events at issue occurred at that facility. Plaintiff sues the following ICF employees: Warden John Davids; Physician Assistant Davit Huyge; Health Care Supervisor Amie Gaskill; Registered Nurses Unknown Dolittle and Unknown Calkins; and Jody Humm Lebarr whose position is unspecified.

Plaintiff allegedly suffers from multiple mental illnesses issues including bipolar disorder, attention-deficit/hyperactivity disorder, and "hearing voice[]s." (Compl., ECF No. 1, PageID.4.) On November 13, 2019, Defendant Calkins allegedly refused to give Plaintiff prescribed psychiatric medication. Plaintiff suffered a seizure that night, and fell out of bed. Plaintiff also lost sensation in the right hand and several fingers.

Sometime after the seizure, Plaintiff sent a kite informing health care staff of the seizure and loss of sensation. Defendant Dolittle responded and allegedly told Plaintiff that if Plaintiff acted "more like a man an[d] not a female," Plaintiff would receive psychiatric medication. (*Id.*, PageID.6.) Defendant Dolittle allegedly refused to give Plaintiff psychiatric medication, laughed at Plaintiff, and left. That night, Plaintiff experienced a panic attack and depression.

---

[1] In an earlier misjoined suit that also included the present allegations, Plaintiff identified as transgender. *See Snider v. Corizon Med.*, No. 1:20-cv-648 (W.D. Mich. July 16, 2020) (Compl., ECF No. 1, PageID.3). In the present complaint, Plaintiff uses pronouns inconsistently. For example, Plaintiff refers to "the[ir] psych meds" (Compl., ECF No. 1, PageID.5) in one instance and to "his/her constitutional rights" (*id.*, PageID.7) in another. For clarity, this opinion will attempt to avoid pronouns, but when unavoidable will use a singular hybrid "his/her," rather than a plural "they," because only one human being is bringing this case.

2

On November 17, 2019, Plaintiff suffered a second seizure, allegedly because of Defendant Dolittle's refusal to provide psychiatric medication. During the seizure, Plaintiff again fell out of bed, and the loss of sensation spread.

Plaintiff sent a kite to inform health care staff of the second seizure. Registered Nurse Fletcher (not a defendant) responded and examined Plaintiff. Fletcher said that she would send Plaintiff's medical chart to Defendant Huyge for review.

On December 17, 2019, Plaintiff sent a kite to Defendants Huyge, Gaskill, and Lebarr asking for medical attention because Plaintiff allegedly had not received any contact with medical staff after Fletcher's visit.

On December 22, 2019, Plaintiff suffered a third seizure. Plaintiff alleges that Plaintiff experienced memory loss after the seizure.

Plaintiff sent medical kites to Defendant Huyge on December 23 and 31, 2019, stating that Plaintiff lacked feeling in the right hand. Defendant Huyge allegedly refused to provide Plaintiff medical attention. Plaintiff wrote additional kites in January and early February 2020, to Defendants Huyge, Lebarr, and Gaskill.[2] Plaintiff alleges that Defendants ignored those kites. Plaintiff further allegedly sent several kites to Defendant Davids asking to be transferred and asserting that ICF medical staff lacked sufficient training.

Plaintiff seeks presumed, compensatory, and punitive damages.

## II.   Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

---

[2] In the complaint, Plaintiff wrote "January 2019–February 12, 2019." (Compl., ECF No. 1, PageID.10.) However, given the context of the allegations, Plaintiff clearly intends to allege that the events occurred in 2020.

3

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**III.     Defendant Davids**

Plaintiff fails to make specific factual allegations against Defendant Davids, other than the claim that he failed to transfer Plaintiff or investigate Plaintiff's claims about ICF's healthcare staff.  Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability.  *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  A claimed constitutional violation must be based upon active unconstitutional behavior.  *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).  Additionally, in the healthcare context, administrative or custody officials who have no training or authority to supervise healthcare officials cannot be held liable for those officials' inadequate care.  *See Winkler v. Madison Cnty.*, 893 F.3d 877, 895 (6th Cir. 2018) (custody officer entitled to rely on medical provider's judgment); *Smith v. Cnty. of Lenawee*, 505 F. App'x 526, 532 (6th Cir. 2012) ("[I]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.") (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)); *see also Newberry v. Melton*, 726 F. App'x 290, 296–97 (6th Cir. 2018) (same)

Plaintiff fails to allege any facts showing that Defendant Davids, as a custody official, had the authority to contravene or second-guess decisions by healthcare officials or that he encouraged or condoned inadequate treatment by healthcare officials, or authorized, approved or knowingly acquiesced in the conduct.  Indeed, Plaintiff fails to allege any facts at all about Defendant Davids' conduct beyond a claim that Plaintiff complained to him that Plaintiff wanted

5

to be transferred and that healthcare officials denied Plaintiff needed care. Plaintiff has no right to be transferred out of a particular prison, *see Montanye v. Haymes*, 427 U.S. 236, 243 (1976), and Plaintiff's allegations of supervisory responsibility are insufficient to demonstrate that Defendant Davids was personally involved in the alleged inadequacy of medical treatment. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. Because Plaintiff's § 1983 action against Defendant Davids is premised on nothing more than respondeat superior liability, the complaint fails to state a claim against Defendant Davids.

## IV.     Defendants Huyge, Gaskill, Lebarr, Dolittle, and Calkins

Plaintiff alleges that the remaining Defendants' conduct violated the First and Eighth Amendments.[3]

### A.     First Amendment

Plaintiff alleges that Defendants retaliated against Plaintiff in violation of the First Amendment. It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints

---

[3] Plaintiff asserts that the claims arise under the First, Eighth, and Fourteenth Amendments. Plaintiff describes them as claims for "deliberate indifference/retaliation." (Compl., ECF No. 1, PageID.1.) Presumably, Plaintiff refers to the Fourteenth Amendment for its incorporation of the relevant First Amendment, *see Edwards v. South Carolina*, 372 U.S. 229, 237–38 (1963), and Eighth Amendment, *see Robinson v. California*, 370 U.S. 660, 667 (1962), protections as applied to the States.

screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations omitted); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are allegations of malice on the defendants' parts are not enough to establish retaliation claims" that will survive § 1915A screening) (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998)). Plaintiff merely alleges the ultimate fact of retaliation by Defendants Huyge, Gaskill, Lebarr, Dolittle, and Calkins. Plaintiff has not presented any facts whatsoever to suggest that Plaintiff engaged in protected conduct under the First Amendment, much less facts that would support the conclusion that these Defendants retaliated against Plaintiff because of the protected conduct. Accordingly, Plaintiff fails to state a retaliation claim against Defendants Huyge, Gaskill, Lebarr, Dolittle, or Calkins. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

### B. Eighth Amendment

Plaintiff alleges that Defendants were deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment when they refused to provide Plaintiff's psychiatric medication or to attend to Plaintiff after complaints of lost sensation in the right hand. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). On initial review, the Court concludes that Plaintiff has sufficiently alleged facts to state an Eighth Amendment claim against Defendants Huyge, Gaskill, Lebarr, Dolittle, and Calkins.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Davids will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will further dismiss Plaintiff's First Amendment claims for failure to state a claim.  Plaintiff's Eighth Amendment claims against Defendants Huyge, Gaskill, Lebarr, Dolittle, and Calkins remain in the case.

An order consistent with this opinion will be entered.


Dated:    August 13, 2021            /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     CHIEF UNITED STATES DISTRICT JUDGE